JONES *v.* GACHOT.

4-9202 230 S. W. 2d 937

Opinion delivered June 12, 1950.

*Fred A. Snodgress* and *A. F. House,* for appellant.

*Talley & Owen* and *Max Howell,* for appellee.

Ed. F. McFaddin, Justice. This is a suit seeking to impress a trust on real property.

In 1932 Mrs. Felice Field executed a regular warranty deed to L. C. Gachot and J. F. Gachot (her nephews), conveying certain lands in Pulaski County. There was nothing in the deed to indicate, or even suggest, that the grantees received the title in any way except as the owners thereof. Under an agreement with J. F. Gachot, L. C. Gachot went into possession of the property here involved and so remained until his death in 1948. Then, in 1949, this suit was filed alleging (and evidence was offered to that effect) that when Mrs. Felice Field made the deed to L. C. Gachot and J. F. Gachot in 1932, the said grantees agreed with the grantor to hold the property as trustees for themselves and their brothers and sisters. Such agreement is the trust that is sought to be impressed on the property against the widow and heirs of L. C. Gachot. The Chancery Court rejected the evidence as to the alleged trust agreement and dismissed the compliant for want of equity; and this appeal ensued.

At the outset, appellants concede that an *express trust* cannot be established by oral evidence. See § 38-106, Ark. Stats. 1947; also *Patton* v. *Randolph,* 197 Ark. 653, 124 S. W. 2d 823; and *Hawkins* v. *Scanlon,* 212 Ark. 180, 206 S. W. 2d 179. But appellants contend that the trust here sought to be imposed is not an express trust, but a *constructive trust* and they cite, *inter alia,* § 45 of the Restatement of the Law of Trusts:

"Where the owner of an interest in land transfers it *inter vivos* to another in trust for a third person, but no memorandum properly evidencing the intention to create a trust is signed, and the transferee refuses to perform the trust, the transferee holds the interest upon a constructive trust for the third person, if, but only if,

"(a)—the transferee by fraud, duress or undue influence prevented the transferror from creating an enforceable interest in the third person, or

"(b)—the transferee at the time of the transfer was in a confidential relation to the transferror, or

"(c)—the transfer was made by the transferror in contemplation of death."

It is conceded that sub-paragraph (a) does not apply to this case; but it is earnestly insisted that a trust should be decreed in the case at bar under either sub-paragraph (b) or sub-paragraph (c).

In the briefs no Arkansas case is cited as going to show that such sub-paragraphs (b) and (c) are recognized by holdings in this state.[1] But even if the rules stated in sub-paragraphs (b) and (c) prevail in Arkansas (which it is unnecessary to decide), nevertheless the proof in the case at bar is entirely insufficient to justify the application of either of these sub-paragraphs. As to sub-paragraph (b), there was no more of a "confidential relation" existing between the grantor, Mrs. Field, and the grantee, L. C. Gachot than exists between any other aunt and nephew; there was a kinship, but not a confidential relationship; he did not importune her to make the deed; they were not living in the same home; she consulted an attorney who prepared the deed for her. As to sub-paragraph (c), there was no more "contemplation of death" on the part of Mrs. Field, the grantor, when she made the deed in question than there is such contemplation by any person of advanced years: she was both physically and mentally active at the time she had the attorney prepare the deed; she was not in extremis; she lived fourteen months after its delivery.

A study of the evidence in the case at bar reflects that this suit—filed after the death of L. C. Gachot—is an effort to establish an express trust by oral evidence, and is within the interdiction of § 38-106, Ark. Stats. 1947, and our cases, of which *Patton* v. *Randolph, supra,* and *Hawkins* v. *Scanlon, supra,* are only a few.

Affirmed.

[1] There is an article in 3 Ark. Law Review 3, entitled "A Decade in the Law of Trusts," in which some cases are reviewed on these two sub-paragraphs.

The Chief Justice and Mr. Justice GEORGE ROSE SMITH not participating.

LEFLAR, J., concurring. I concur in the conclusion that the evidence in this case was insufficient to establish a constructive trust in appellants' favor. But I wish to make it clear that our statute prohibiting express oral trusts in lands (Ark. Stats., § 38-106) does not in any wise inhibit the establishment of constructive trusts. The next following section in the statute of frauds (§ 38-107) provides: "Where any conveyance shall be made of any lands or tenements, by which a trust or confidence may arise or result by implication of law, such trust or confidence shall not be affected by anything contained in this act."

The great weight of American authority recognizes the validity of constructive trusts under the circumstances set out in the Restatement of Trusts, § 45, as quoted in the majority opinion. Unless constructive trusts are enforced in those circumstances the statute of frauds will be made an instrument for achieving fraud, by vesting in nominal grantees the title to lands for which they have paid nothing and to which in equity and good conscience they are not entitled. Under § 38-107 it is clear that this was never the intent of the statute of frauds.

Whether the constructive trust in such circumstances should run in favor of the ones for whom the oral trust was declared, as the Restatement suggests, thus effectuating it as though it were an express trust, or should run in favor of the grantor or his successors, on the theory that the parties should be restored as nearly as possible to the position they were in prior to the making of the deed, is another matter. Certainly, the latter disposition of the property would be more nearly in keeping with the law of constructive trusts generally. See 3 Bogert, The Law of Trusts, p. 215; 1 Scott, The Law of Trusts, p. 269. This form of relief, however, was not sought in the present case.